IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,280-01






EX PARTE ELLIOTT MICHAEL PRATS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 02-02-00829-CR IN THE 410TH DISTRICT COURT


FROM MONTGOMERY COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of
habitation and sentenced to 6 years' imprisonment. 

 Applicant contends that the trial judge awarded him 1,059 days pre-sentence jail time credits
in a judgment nunc pro tunc entered on November 30, 2007, but the Texas Department of Criminal
Justice is refusing to give him the credit awarded. He alleges that he sought relief in the time office
but that relief was denied. 

 Upon receipt of this 11.07 application, the trial judge reviewed his records and found that
Applicant was entitled to 1,057 days pre-sentence jail time credit and not 1,059 days as the initial
judgment nunc pro tunc provided as there were two overlapping days of confinement. On
November 21, 2008, the trial judge entered second judgment nunc pro tunc giving Applicant credit
for the following incarceration periods: December 4, 2001 to September 17, 2002; September 18,
2002 to May 25, 2004; June 27, 2005 to July 27, 2005; August 29, 2005 to October 14, 2005; 
January 3, 2007 to January 8, 2007; and, July 16, 2007 to September 25, 2007. On November 30,
2008, the trial judge entered findings of fact and conclusions of law recommending that this Court
dismiss this application as moot. The trial judge found that Applicant's time credit issue had been
resolved because he had given Applicant the time credit sought. However, we believe that there
are still fact issues to be resolved. The TDCJ's offender information detail report indicates that the
TDCJ has not given Applicant all the pre-sentence jail time credit awarded. In these circumstances,
additional facts are needed. 

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d), in that it shall order the Texas Department of Criminal 
Justice's Office of the General Counsel to file an affidavit addressing whether the TDCJ has given
Applicant credit for the following incarceration periods: December 4, 2001 to September 17, 2002; 
September 18, 2002 to May 25, 2004; June 27, 2005 to July 27, 2005; August 29, 2005 to October
14, 2005; January 3, 2007 to January 8, 2007; and, July 16, 2007 to September 25, 2007. If the
TDCJ has failed to give Applicant credit for any of the aforementioned incarceration periods, the
affidavit shall explain why the TDCJ has decided not to give Applicant the credit. The affidavit
shall also identify the exact number of days of pre-sentence jail time credit which has been given
to the Applicant and, if less than 1,057 days, the reason the TDCJ has decided to give Applicant less
time credit. The affidavit shall also identify the sentence begin date for this offense, the date
Applicant came to TDCJ custody, and Applicant's projected discharge date. Finally, the affidavit
shall also address whether or not Applicant has submitted his claim to the time credit resolution
system of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The
trial court shall then make findings as to whether the TDCJ is giving Applicant credit the following
incarceration periods: December 4, 2001 to September 17, 2002; September 18, 2002 to May 25,
2004; June 27, 2005 to July 27, 2005; August 29, 2005 to October 14, 2005; January 3, 2007 to
January 8, 2007; and, July 16, 2007 to September 25, 2007. The trial judge shall make findings
of fact as to whether the TDCJ has given Applicant credit for all the aforementioned incarceration
periods and, if not, as to why the TDCJ has decided not to give Applicant the credit. The trial judge
shall make findings of fact as to whether the TDCJ has given Applicant the 1,057 days pre-sentence
jail time credit awarded and, if not, as to why the TDCJ has decided not to give Applicant the time
credit. The trial court shall also make findings as to the sentence begin date for this offense, the
date Applicant came to TDCJ custody, and Applicant's projected discharge date. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript
containing all affidavits and interrogatories or the transcription of the court reporter's notes from
any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions
of law, shall be returned to this Court within 120 days of the date of this order. Any extensions of
time shall be obtained from this Court. 

Filed: January 28, 2009

Do not publish